UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED SERVICES AUTOMOBILE
ASSOCIATION,

     Plaintiff,

v.                                                              Case No:   6:15-cv-1131-Orl-22TBS

MICHAEL CATALDO, *et al.*,

     Defendants.

_____

## REPORT AND RECOMMENDATION

Plaintiff United Services Automobile Association ("USAA" or Plaintiff) brings this action for declaratory relief against Michael Cataldo, as personal representative of the estate of Jedi Silas Cataldo, deceased; Sarah Reasbeck a/k/a Sarah Cataldo; Tyler Sweeney; John T. McCann; and Cynthia Sweeney-McCann (Doc. 1).   Plaintiff has invoked the Court's diversity jurisdiction, 28 U.S.C. § 1332 (Id. at ¶¶ 1-5).   The complaint alleges that Plaintiff "is a Texas reciprocal inter-insurance exchange under the law of the State of Texas, with its principal place of business in San Antonio, Texas," and Defendants "are all citizens of the State of Florida."   (Id. at ¶¶ 1-2).   On August 20, 2015, the Court ordered Plaintiff to submit a memorandum of law explaining its corporate structure and how it should be analyzed for subject matter jurisdiction purposes (Doc. 13). The Court noted that it was "unclear about whether the citizenship of Plaintiff's members must be considered in determining whether the Court has subject matter jurisdiction." (Id. at pp. 2-3).   This matter is now before the Court on Plaintiff's Memorandum of Law Regarding Petitioner's Corporate Structure (Doc. 14).

Plaintiff represents that "[a] reciprocal insurance exchange is essentially an insurance company cooperatively owned by those it insures."   (Id. at p. 3).   The owners are called "subscribers" and, according to Plaintiff, are similar to shareholders of a corporation (Id. at p. 4).   Plaintiff argues that "courts have looked to Texas corporations' law to fill in gaps in the statutory scheme for reciprocal insurance exchanges," which "are now treated under Texas law as a quasi-corporation."   (Id. at pp. 4, 6).   Because "the citizenship of individual stockholders in a corporation is not considered, neither should the citizenship of USAA's insureds."   (Id. at p. 4).   Plaintiff further argues that "the citizenship of the parties should not be taken into consideration" because "an entity such as USAA does have a separate legal existence under Texas law for litigation purposes to sue, or be sued in the entity's own name without making the individual members parties to the suit."   (Id. at p. 5).   Plaintiff's arguments are not well taken.

Federal district courts are courts of limited jurisdiction and an action must be dismissed if the Court lacks subject matter jurisdiction.   See Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 94 (1998).   Plaintiff has invoked the Court's diversity jurisdiction, which requires that there be complete diversity between Plaintiffs and Defendants.   Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978). "Complete diversity" "does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."   Id. (emphasis in original).   "The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction ...."   Ray v. Bird & Son & Asset Realization Co., Inc., 519 F.2d 1081, 1082 (5th Cir. 1975) (citing Mas v. Perry, 489 F.2d 1396 (5th Cir. 1974)).[1]

---

[1]  In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

For purposes of diversity jurisdiction, a corporation's citizenship is determined by its state of incorporation and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1); Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010).   An unincorporated association is deemed a citizen of every state in which a member of the association is a citizen.   Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021-22 (11th Cir. 2004).   Because Plaintiff has members in Florida, see Doc. 1, ¶¶ 7-9; Doc. 14, ¶¶3-5, there will not be complete diversity if Plaintiff is treated as an unincorporated association.

Plaintiff argues that it should be treated like a corporation for purposes of citizenship.   But, the Second, Fifth, Eighth, and Tenth Circuits and myriad district courts have all determined that Plaintiff is an unincorporated association.   See Baer v. United Servs. Auto. Ass'n, 503 F.2d 393, 394-97 (2d Cir. 1974); True v. Robles, 571 F.3d 412, 422 n.2 (5th Cir. 2009) ("As an unincorporated association, a reciprocal insurance exchange is considered to have the citizenship of its members for diversity purposes in federal court."); Lewis v. United Servs. Auto. Ass'n, 45 F.3d 433 (8th Cir. 1994) ("Having carefully reviewed the record, we conclude the district court correctly determined that the Lewises failed to show complete diversity with USAA, which, as an unincorporated association, is a citizen of the states of each of its members."); Tuck v. United Servs. Auto. Ass'n, 859 F.2d 842, 844 (10th Cir. 1988) ("USAA correctly argued that the membership of an unincorporated association, for purposes of diversity jurisdiction, is the citizenship of all of its members."); Cimino v. Sirois, No. 14-1925, 2014 WL 5393512, at *1 (E.D. La. Oct. 22, 2014) ("Because USAA has members domiciled in Louisiana, USAA is a citizen of Louisiana.   To support these claims, defendants have introduced an affidavit from USAA's litigation manager stating that USAA is an unincorporated

association with members in Louisiana....   In addition, defendants point out that other sections have previously dismissed actions against USAA based upon lack of complete diversity because its members reside in all fifty states."); Ordonez v. USAA, No. 11 CV 5286 HB, 2013 WL 837599, at *3 (S.D.N.Y. Mar. 6, 2013) ("USAA is an unincorporated association, and it is undisputed that USAA policyholders reside in New Jersey."); United Servs. Auto. Ass'n v. Franke Consumer Prods., Inc., No. 11-05430-PSG, 2012 WL 368378, at *1 (N.D. Cal. Feb. 3, 2012); Cady v. Am. Family Ins. Co., 771 F. Supp. 2d 1129, 1131 (D. Ariz. 2011) ("Because USAA is an unincorporated association with members in all fifty states, it is considered a citizen of all fifty states—including Arizona and Florida."); United Servs. Auto. Ass'n v. Omega Flex, Inc., No. 8:10CV431, 2011 WL 1740192, at *2 (D. Neb. May 5, 2011) ("All evidence before the Court indicates that USAA is an unincorporated association with members in all fifty states ...."); Ourso v. United Servs. Auto. Ass'n, No. 06-4354, 2007 WL 275902, at *1 (E.D. La. Jan. 25, 2007) ("Here, just as this Court found in Bilger v. Pereira, 2000 WL 1182526 (E.D. La. Aug. 21, 2000), as to Fireman's Insurance Exchange, USAA is a reciprocal interinsurance exchange, which is treated as an unincorporated association for the purposes of determining diversity jurisdiction.").   See also Allen v. USAA Cas. Ins. Co., 790 F.3d 1274, 1274 (11th Cir. 2015) (describing USAA as a "Texas Reciprocal Inter-Insurance Exchange and Unincorporated Association").   In addition to the cases specifically finding that Plaintiff should be treated as an unincorporated association for diversity purposes, "numerous federal courts have repeatedly recognized that reciprocal insurance exchanges or associations ... do not receive fictional citizenship as do corporations but, instead, bear the citizenship of each member."   Hartfield v. Farmers Ins. Exch., No. 11-13719, 2013 WL 136235, at *3 (E.D. Mich. Jan. 10, 2013).   See also Nev. Capital Ins. Co. v. Farmers

Ins. Exch., No. 2:12-CV-02166-APG, 2014 WL 6882342, at *2 (D. Nev. Dec. 4, 2014)

("[U]nder California and Nevada law, a reciprocal insurance exchange's subscribers are

its members, not its customers, and an exchange therefore has the citizenships of all of

its subscribers."); Erie Ins. Exch. v. Potomac Elec. & Power Co., No. DKC 14-0485, 2014

WL 1757949 (D. Md. Apr. 29, 2014); Mid-Century Ins. Co. v. Johnson, No. 13-2191-RDR,

2013 WL 3013620, at *3 (D. Kan. June 14, 2013) ("The law is well-settled in most

jurisdictions, including the Tenth Circuit, that for purposes of diversity jurisdiction, the

citizenship of a reciprocal insurance exchange is determined to be each state within

which it has a subscriber or member."); Hixon v. Fire Ins. Exch., No. 12-2710 MJD/FLN,

2013 WL 887480, at *3 (D. Minn. Mar. 8, 2013) ("Reciprocal insurance associations bear

the citizenship of each of its subscribers and do not have a fictional citizenship like

corporations.") (collecting cases); Salvi v. Erie Ins. Exch., No. 3:12-CV-150, 2012 WL

1715910, at *2 (E.D. Va. May 15, 2012); Truck Ins. Exch. v. The Manitowoc Co., No. CV-

10-8191-PCT-PGR, 2010 WL 4961618, at *1 (D. Ariz. Dec. 1, 2010).   Based on the

weight of the authority, I find that Plaintiff is an unincorporated association and, for

diversity purposes, is a citizen of every state in which a subscriber or member is a citizen.

Because Defendants are all citizens of Florida and at least one of the Defendants is a

subscriber or member of USAA, see Doc. 1, ¶¶ 7-9; Doc. 14, ¶¶ 3-5, there is not complete

diversity between the parties.   The Court therefore lacks subject matter jurisdiction.

As discussed *supra*, the Court ordered Plaintiff to submit a memorandum of law

explaining its corporate structure and how it should be analyzed for subject matter

jurisdiction purposes (Doc. 13).   The Court noted that it was "unclear about whether the

citizenship of Plaintiff's members must be considered in determining whether the Court

has subject matter jurisdiction" because it was unfamiliar with Texas reciprocal inter-

insurance exchanges (Id. at pp. 2-3).   Despite the abundance of case law discussing the citizenship of reciprocal insurance exchanges–and Plaintiff's citizenship in particular– Plaintiff failed to cite or discuss in its response to the order to show cause any of the cases cited in this Report and Recommendation.   Plaintiff's only references to an unincorporated association were to note (1) that an unincorporated association can sue and be sued in its own name in Texas and (2) "Entities such as USAA exhibit more of the characteristics of a separate legal entity than unincorporated business associations generally."   (Doc. 14, p. 5).   Plaintiff and it's counsel's total lack of candor in this regard is shocking, especially considering Plaintiff's admission in so many other cases that it is an unincorporated association and the Tenth Circuit's warning more than 25 years ago: "Because USAA has apparently 'rediscovered' *Baer,* however, and asked us to dismiss this action for lack of subject matter jurisdiction, we expect it to make similar motions in all pending diversity litigation.   Moreover, we do not expect to see USAA before this court again under similar circumstances."   Tuck, 859 F.2d at 845 n.3.

For the foregoing reasons, I **RESPECTFULLY RECOMMEND** that:

(1)   The Court order Plaintiff and its counsel to show cause within fourteen (14) days why sanctions should not be imposed pursuant to Fed. R. Civ. P. 11(b), (c)(3) for attempting to invoke the Court's diversity jurisdiction and failing to disclose any of the plethora of cases addressing the exact issue presently before the Court.

(2)   Once the matter of Rule 11 sanctions is settled, that the Court **DISMISS** this action, **TERMINATE** any pending motions, and direct the Clerk to **CLOSE** the file.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.   A party failing to file written objections to a

magistrate judge's findings or recommendations within fourteen (14) days of the issuance

of the report and recommendation waives the right to challenge on appeal the district

court's order based on unobjected-to factual findings and legal conclusions.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on September 16, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record