UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED SERVICES AUTOMOBILE ASSOCIATION,**

        **Plaintiff,**

v.                                                                  **Case No: 6:15-cv-1131-Orl-22TBS**

**MICHAEL CATALDO,** *et al.***,**

        **Defendants.**

**ORDER**

This cause comes before the Court on Plaintiff's Objection (Doc. No. 18) to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 17), filed on September 30, 2015. For the reasons provided herein, this Court will adopt and confirm the Magistrate Judge's recommendation to dismiss this case for lack of subject matter jurisdiction.

Plaintiff is a reciprocal inter-insurance exchange, which it describes as an insurance company cooperatively owned by those it insures. (Doc. No. 1, ¶ 1; Doc. No. 14 at p. 3). At an earlier stage in this litigation, in response to the Magistrate Judge's *sua sponte* Order directing Plaintiff to explain its corporate structure for the purpose of determining its citizenship for subject matter jurisdiction, Plaintiff argued that it should be treated as a corporation, despite the fact that it is not incorporated. (*See* Doc. No. 14). Plaintiff's argument was primarily based on how Texas statutes and case law interprets a reciprocal inter-insurance exchange. (*Id*.) The Magistrate Judge's own research, however, revealed substantial authority addressing Plaintiff's corporate structure and arriving at the opposite conclusion. A number of federal circuits and district courts have concluded that Plaintiff should be treated as an unincorporated entity for diversity jurisdiction purposes. (*See* the

1

R&R (Doc. No. 17) at pp. 3-5).   Under this analysis, Plaintiff would be a citizen of all fifty states in which its insured subscribers are citizens. (*Id.*)

In recommending that this Court dismiss the present case, the Magistrate Judge agreed with the majority of cases concluding that Plaintiff is to be treated as an unincorporated entity for purposes of determining diversity jurisdiction. (*Id.* at p. 5). Since Plaintiff has insured subscribers in Florida, Plaintiff is a citizen of Florida. (Doc. No. 1, ¶¶ 7, 9; Doc. No. 14, ¶¶ 3, 5). Therefore, there is lack of complete diversity in this case because Defendants are also Florida citizens. (Doc. No. 1, ¶ 2). In Plaintiff's Objection, Plaintiff merely reiterates an almost identical analysis previously presented to the Court in its memorandum discussing its corporate structure. (*See* Doc. No. 14).

The undersigned Judge is unpersuaded by the section of Plaintiff's Objection asking this Court to find that it has jurisdiction over this case. Notably, Plaintiff does not explain why the Court should not follow the majority of cases that have concluded that Plaintiff is an unincorporated entity rather than a corporation for purposes of determining diversity jurisdiction. Plaintiff does not provide a compelling reason why the Court should look to Texas law to analyze its citizenship; especially since the Fifth Circuit, which includes Texas district courts, has determined that Plaintiff is an unincorporated entity for purposes of diversity jurisdiction. *See True v. Robles*, 571 F.3d 412, 422 n.5 (5th Cir. 2009). As the undersigned Judge agrees with the Magistrate Judge's determination regarding Plaintiff's citizenship for purposes of subject matter jurisdiction, the Court will adopt and confirm the R&R.

Additionally, the Magistrate Judge has recommended that the undersigned Judge order Plaintiff to show cause why Rule 11 sanctions should not be imposed for its failure to disclose any of the circuit and district court cases on point. (*See* the R&R (Doc. No. 17) at pp. 3-5). However,

since Plaintiff's Objection primarily focuses on why Rule 11 sanctions should not be imposed in this case, the Court will construe the Objection as tantamount to a show-cause response regarding the sanctions issue. (*See* Doc. No. 18). Therefore, this Court need not issue an order to show cause on the sanctions issue; instead, it will consider the sanctions arguments raised in Plaintiff's Objection. The Defendants have not bothered to respond to Plaintiff's arguments regarding the imposition of Rule 11 sanctions.

After a thorough review of the many cases the Magistrate Judge cites in the R&R discussing the proper citizenship of Plaintiff, the Court certainly shares the Magistrate Judge's concerns and frustration with Plaintiff's potentially sanctionable conduct. However, Plaintiff has raised a colorable argument against the imposition of Rule 11 sanctions. Plaintiff argues that Rule 11 sanctions should not be imposed because it has made a good faith argument "for extension, modification, and/or reversal of existing law in the 11th Circuit" regarding how Plaintiff's citizenship should be analyzed for subject matter jurisdiction purposes since the Eleventh Circuit has not yet addressed the issue. (Doc. No. 18 at p. 5.) The Court has considered Plaintiff's arguments and notes Defendants' apparent lack of interest in the matter of sanctions. The Court, in its discretion, determines that it will not impose Rule 11 sanctions for Plaintiff's failure to disclose the extremely relevant but merely persuasive authority regarding the issue of subject matter jurisdiction. However, the Court **ADMONISHES** Plaintiff because it has come perilously close to sanctionable conduct in this case.

Based on the foregoing, it is **ORDERED** as follows:

1. Plaintiff United Services Automobile Association's Objection (Doc. No. 18) to the Magistrate Judge's R&R, filed on September 30, 2015, is **OVERRULED**.

      2.      The Report and Recommendation (Doc. No. 17), filed on September 16, 2015, is **ADOPTED and CONFIRMED**, to the extent it recommends dismissal of this action due to lack of subject matter jurisdiction.

      3.      Plaintiff United Services Automobile Association's Complaint (Doc. No. 1), filed on July 14, 2015, is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

      4.      The Clerk is directed to close the case.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on November 1, 2015.

_[signature]_
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Magistrate Judge
Counsel of Record
Unrepresented Parties